Bryan Grant ANDERSON,
Plaintiff–Petitioner,

v.

Sandra ACREE, Defendant–
Respondent.

No. C–2–02–888.

United States District Court,
S.D. Ohio,
Eastern Division.

Dec. 11, 2002.

Scott Allen Kossoudji, Vorys Sater Seymour & Pease, Columbus, OH, for plaintiff.

Gary Jay Gottfried, Columbus, OH, Sandra Acree, pro se, Vincent, OH, for defendant.

## OPINION AND ORDER

GRAHAM, District Judge.

This action involves a petition filed pursuant to the International Child Abduction Remedies Act, 42 U.S.C. § 11601, *et seq.*, and the Hague Convention on Civil Aspects of International Child Abduction (hereinafter "the Hague Convention"). Plaintiff–Petitioner Bryan Grant Anderson (hereinafter "petitioner"), a citizen of New Zealand, seeks the return of his minor daughter, Beth Peggy Paterson. Beth was born on July 20, 1994, and is now eight years of age. Beth was removed from New Zealand by her mother, defendant-respondent Sandra Acree (hereinafter "respondent"), on December 19, 2000, and brought to the United States. Since coming to the United States, Beth has resided with her mother in Vincent, Ohio. Petitioner alleges that at the time of the removal of the child from New Zealand, Beth's habitual place of residence was New Zealand, that petitioner was exercising custody rights to Beth under New Zealand law, and that Beth's removal from New Zealand was wrongful under Article 3 of the Hague Convention. He seeks the return of the child to New Zealand to permit New Zealand courts to resolve the issue of what custody arrangements should be enforced in regard to his daughter.

This matter is before the court on respondent's motion for summary judgment. The procedure for granting summary judgment is found in Fed.R.Civ.P. 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

■ The goal of the Hague Convention is "to protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence, as well as to secure protection for rights of access." Hague Convention, Preamble. This court has the authority to determine the merits of an abduction claim, but not the merits of the underlying custody claim. *Friedrich v. Friedrich*, 983 F.2d 1396, 1400 (6th Cir. 1993). Under 42 U.S.C. § 11603(e)(1), petitioner has the burden of showing by a preponderance of the evidence that the removal was wrongful. *Id.* If petitioner meets this burden, respondent then has the burden of proving that one of the exceptions to removal apply.

Article 12 of the Hague Convention provides in relevant part:

> Where a child has been wrongfully removed or retained in terms of Article 3 and, at the date of the commencement of the proceedings before the judicial or administrative authority of the Contracting State where the child is, a period of less than one year has elapsed from the date of the wrongful removal or retention, the authority concerned shall order the return of the child forthwith.

> The judicial or administrative authority, even where the proceedings have been commenced after the expiration of the period of one year referred to in the preceding paragraph, shall also order the return of the child, unless it is demonstrated that the child is now settled in its new environment.

In addition, Article 13 of the Hague Convention provides in part:

> The judicial or administrative authority may also refuse to order the return of the child if it finds that the child objects to being returned and has attained an age and degree of maturity at which it is appropriate to take account of its views.

■ The first issue presented by respondent's motion for summary judgment is whether the petition in this case was filed within one year after the removal of the child from New Zealand. The record reveals that there is no dispute that Beth was removed from New Zealand on December 19, 2000, and that the petition was not filed with this court until September 12, 2002, well over a year since the removal of the child. However, petitioner argues that the one-year period is in the

nature of a statute of limitations which would allow for equitable tolling. Petitioner further argues that the time should be tolled in this case because a decision on the issue of the wrongfulness of the removal was not returned by the Family Court of Christchurch, New Zealand, until January 25, 2002, and that it was not until after this decision that the National Center for Missing and Exploited Children ("the Center"), a nonprofit organization which aids parents in locating children and pursuing legal action, aided petitioner in locating counsel in the Southern District of Ohio.

In *Lops v. Lops*, 140 F.3d 927 (11th Cir.1998), the court noted without deciding the issue that the one-year period in Article 12 might be analogized to a statute of limitations subject to equitable tolling. Further, equitable tolling was invoked to extend the one-year period in *Mendez Lynch v. Mendez Lynch*, 220 F.Supp.2d 1347 (M.D.Fla.2002). However, this court is not convinced that the one-year period referred to in Article 12 is a statute of limitations. A petition for the return of a child is not barred if it is filed over one year from the date of removal. Rather, the drafters of the Hague Convention decided that after the passage of a year, it became a reasonable possibility that the child could be harmed by its removal from an environment into which the child had become settled, and that the court ought to be allowed to consider this factor in making the decision whether to order the child's return. This potential of harm to the child remains regardless of whether the petitioner has a good reason for failing to file the petition sooner, such as where the respondent has concealed the child's whereabouts. There is nothing in the language of the Hague Convention which suggests that the fact that the child is settled in his or her new environment may not be considered if the petitioning parent has a good reason for failing to file the petition within one year.

■ Even assuming that the concept of equitable tolling can delay the start of the one-year period, thereby precluding consideration of the "settled" exception, the record in this case does not support the application of equitable tolling. Respondent has produced evidence that she has resided with Beth at the same address in Vincent, Ohio since her arrival in the United States. There is no evidence that she hid Beth's whereabouts from petitioner. There is evidence that petitioner was aware of respondent's address as early as July 12, 2001, when he included this address in his petition filed in the Family Court in New Zealand. Petitioner also acknowledged in his deposition that he was aware of his daughter's address and phone number in February of 2001. Anderson Dep., p. 39. Petitioner was represented by counsel in the New Zealand action, and his counsel were in touch with the authorities in the United States in February or April of 2001. Anderson Dep., p. 52. He also stated that his counsel contacted attorneys in Ohio in March of 2001 to see about filing a petition, but that he could not afford to hire an attorney here. Anderson Dep., p. 55. Thus, petitioner was clearly aware of the whereabouts of his daughter long before the petition was filed.

Petitioner argues that the delay in filing the petition was caused in part by the delay in receiving a determination from the New Zealand court. Although Article 14 of the Hague Convention provides for judicial notice of the judicial decisions of other courts in regard to custody rights, Article 3 does not appear to require such a judicial determination as a prerequisite to filing a petition under the Hague Convention. Rather, under Article 3, the custody rights protected by the Hague Convention may also arise "by operation of law" or "by reason of an agreement having legal effect under the law of that State."

876

The court concludes that respondent's motion for summary judgment on the issue of whether the petition was filed over one year from the removal of Beth from New Zealand is well taken.

Respondent also requests summary judgment on the issue of whether Beth is settled in her new environment. Petitioner argues that respondent has presented insufficient evidence to sustain this exception. The court disagrees with petitioner's argument. However, the court does find that genuine issues of fact exist on the issues of whether Beth is settled in her new environment which preclude summary judgment on this ground, and respondent's motion for summary judgment on the "settled" exception is denied. The court feels that this issue and the issue of whether it is appropriate to consider Beth's objections, if any, to being returned to New Zealand, as provided in Chapter 13, will best be decided following a hearing on the merits.

The court notes that the parties have submitted briefs on the issue of whether Beth is a competent witness in this case. The court disagrees with petitioner's argument that Beth's testimony would be inherently untrustworthy due to the influence exerted upon her by respondent. This influence may be a factor to be taken into account in determining whether this court should consider Beth's feelings about being returned to New Zealand, but it would not render her incompetent to testify. If the respondent wishes to offer Beth as a witness, the court will hear argument on whether an *in camera* voir dire is appropriate.

The fact that Beth is eight years old does not automatically render her incompetent to testify. Under Fed.R.Evid. 601, every person is deemed competent to be a witness unless the rules of evidence specify otherwise, and there is no exception for young children. Further, under the Hague Convention, there is no age limit for applying the Chapter 13 exception. *Raijmakers–Eghaghe v. Haro*, 131 F.Supp.2d 953, 957 (E.D.Mich.2001).

Respondent's motion for summary judgment is granted in part and denied in part, as specified above.